■ JACK LIEBERMAN, Respondent, v. FRED P. POMERANTZ, Appellant.— Order, Supreme Court, New York County, entered February 4, 1974, which, *inter alia*, granted plaintiff's motion for a protective order to the extent of striking from the CPLR 3111 notice the requests for certain hospital and corporate records, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing that defendant be furnished with authorizations concerning all the hospital records requested, and otherwise affirmed, without costs and without disbursements. Plaintiff alleges that he was assaulted by the defendant and is seeking to recover damages for personal injuries as well as punitive damages. The complaint alleges that the plaintiff had undergone critical open-heart surgery prior to the assault and defendant was aware of plaintiff's physical condition. Paragraph 5 of the complaint asserts that, as a result of

the assault, plaintiff suffered back injuries and aggravation of his heart condition, as well as business losses due to plaintiff's inability to work. The notice to produce documents in conjunction with the taking of the deposition of the plaintiff requested production of the hospital and medical records relating to the open-heart surgery; hospital and medical records relating to the back injury; hospital and medical records relating to the aggravation of the heart condition; and profit and loss statements of the corporations of which plaintiff was a principal shareholder for the years 1972 and 1973. Special Term determined that defendant is "only entitled to the hospital and medical records relating to the injuries resulting from the incident," and directed that defendant be furnished with the necessary authorizations. However, the complaint as framed also brought into issue the pre-existing heart condition and its aggravation and, to that extent, all the hospital records requested are relevant and defendant should be furnished with authorization to obtain them (cf. *Grand Mach. Exch.* v. *Apex Discount Corp.*, 18 A D 2d 1073). The request for corporate records, however, is overly broad, and is tantamount to a demand for general discovery. This request was properly stricken (cf. *Arett Sales Corp.* v. *Island Garden Center of Queens*, 25 A D 2d 546, 547). Concur — Nunez, J. P., Murphy, Lupiano, Steuer and Lane, JJ.